## YOUNG v. SNYDER.

Ohio Appeals 5th Dist., Knox Co.

Frank O. Levering, Mt. Vernon, for Young.

Wm. L. Robinson, Mt. Vernon, for Snyder.

## HOUCK, J.
### TRIAL.

(590 Cg) Special requests to charge the jury before argument must be given, if they contain the law applicable to the issues raised by the pleadings and evidence.

### AUTOMOBILES.

(50 Eb) In action for damages to automobile by collision with defendant's automobile, trial judge's failure to read to jury part of General Code, Section 12614-2, providing that provisions thereof shall not exempt motor vehicles equipped with approved nonglare lenses, held not prejudicial error, in view of instruction that it was for jury to determine whether defendant controlled his headlights as required by such section on meeting plaintiff's car even if he complied with requirements as to nonglare headlights, and charge giving to jury applicable part of Section 6310-1 referring to spotlights.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## BEAR v. BEAR.

Ohio Appeals, 6th Dist., Lucas Co.

Alonzo G. Duer, Toledo, for plaintiff in error.

Denman, Miller & Wall, Toledo, for defendant in error.

## RICHARDS, PJ.
### COMERCIAL PAPER.

(120 C2) Failure of consideration of note is affirmative defense, and burden of proof to sustain it rests upon defendant, whether there is entire or only partial failure of consideration.

(120 C2) Partial failure of consideration, if proved, entitled defendant sued on note to an abatement of plaintiff's demand to extent that defendant has suffered loss by reason of the partial failure of consideration.

### TRIAL.

(590 B) In suit by wife against husband on notes executed five or six years before suit, defendant, who merely showed that plaintiff had wrongfully taken their minor child outside the state and refused to permit defendant to have it over end of each week as provided in agreement, failed to sustain burden by showing extent of failure of consideration, where time of alleged refusal was not shown and no showing was made of damages.

(Williams and Lloyd, JJ., concur.)

For reference to opinion, see Omnibus Index, last page, this issue.

## HOLMES, Exrx. v. PERE MARQUETTE RD. CO.

Ohio Appeals, 6th Dist., Lucas Co.   -

C. A. Thatcher and C. A. Meck, Toledo, for Holmes.

Tyler, McMahon, Smith & Wilson, Toledo, for Railroad Co.

## WILLIAMS, J.
### HUSBAND & WIFE.

(290 Ca) Common law marriage is valid in Ohio.

(290 Ca) Where an agreement of marriage in prasenti is entered into by persons competent to contract and is accompanied and followed by cohabitation as husband and wife, and contracting parties are treated as such and reputed to be such in community in which they live and in circle in which they move, it constitutes a valid marriage at common law and contracting parties are husband and wife as fully and to same extent as if there had been statutory and ceremonial marriage.

(290 P) In action by wife, as executrix, for death of husband, under Federal Employers' Liability Act (Title 45, Sections 51 to 59, U. S. Code; U. S. Comp. Stats. Sections 8657 to 8665), for her benefit as surviving widow in which plaintiff claimed there had been common-law marriage after previous divorce, excluding evidence regarding conversations between the parties tending to show agreement of marriage on ground that it would constitute personal communication between husband and wife, held error, since they had been previously divorced and no common law marriage would exist until after agreement was made.

(290 Ca) Agreement to live together as man and wife must be made per verba de prasenti or by words of present tense, and if such agreement is made by words of future tense there can be no common-law marriage.

### TRIAL.

(590 E4b) Where counsel for plaintiff excepted to ruling excluding evidence and stated what he expected evidence would show, question of error in excluding evidence was properly saved.

(Culbert and Richards, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.